Michael Herzog, SBA: 005892
**THE HERZOG LAW FIRM, P.C.**
14350 N. 87th Street, Suite 180
Scottsdale, Arizona 85260
Telephone:  (480) 264-0842
Facsimile:   (480) 422-9008
Email:  mh@herzogfirm.com

Attorneys for Defendant

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| VIVIAN HAAS, an adult individual,<br><br>                    Plaintiff,<br>v.<br><br>MANAGEMENT & TRAINING CORPORATION, a Delaware Corporation; CLAUDIA WASHBURN, an adult individual,<br><br>                    Defendants. | No.  CV2010-054007<br><br>**NOTICE OF REMOVAL**<br><br>(Permanently Assigned to the Honorable Brian R. Hauser) |

**TO:   THE CLERK OF THE SUPERIOR COURT FOR THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA.**

Please take notice that on the _23_ day of September, 2010, Defendant Management & Training Corporation (herein after "MTC"), filed with the United States District Court for the District of Arizona, Phoenix Division, a Notice of Removal thereto of the above-captioned action, a copy of which Notice of Removal, including all exhibits thereto, is attached hereto as **Exhibit A**, and is filed with your court pursuant to the provisions of 28 U.S.C. §1446(d).

RESPECTFULLY SUBMITTED this _23_ day of September, 2010.

THE HERZOG LAW FIRM, P.C.


By _____
Michael Herzog
14350 N. 87th Street, Suite 180
Scottsdale, Arizona  85260
*Attorney for Defendant*

1

ORIGINAL filed this ⟨23⟩ day
of September, 2010, with:

The Clerk of the Court
MARICOPA COUNTY SUPERIOR COURT
18380 N. 40th Street
Phoenix, Arizona   85032

COPY hand-delivered
this ⟨23⟩ day of September, 2010, to:

Honorable Brian R. Hauser
MARICOPA COUNTY SUPERIOR COURT
Northeast Court E
18380 N. 40th Street
Phoenix, Arizona   85032

COPY of the foregoing mailed
this ⟨23⟩ day of September, 2010, to:

Christopher J. Zachar, Esq.
ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona   85032
*Attorney for Plaintiff*

By_____

**EXHIBIT A**

1    Michael Herzog, SBA: 005892
     **THE HERZOG LAW FIRM, P.C.**
2    14350 N. 87th Street, Suite 180
     Scottsdale, Arizona 85260
3    Telephone:   (480) 264-0842
     Facsimile:   (480) 422-9008
4    Email:   mh@herzogfirm.com

5    Attorneys for Defendant

6                **IN THE UNITED STATES DISTRICT COURT**

7                     **DISTRICT OF ARIZONA**

8    VIVIAN HAAS, an adult individual,          No.

9                         Plaintiff,
     v.                                          (Maricopa County Court No.
10                                               CV2010-054007)
     MANAGEMENT & TRAINING
11   CORPORATION, a Delaware Corporation;        **NOTICE OF REMOVAL**
     CLAUDIA WASHBURN, an adult
12   individual,

13                        Defendants.

14   **TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

15   **COURT FOR THE DISTRICT OF ARIZONA.**

16          Petitioner Management & Training Corporation (herein after "MTC"), one of the

17   Defendants in the above-entitled action, hereby petitions this court for removal of this

18   matter to the United States District Court for the District of Arizona, and respectfully states

19   as follows:

20          1.    This action was filed against moving Defendant and others in the Superior

21   Court of the State of Arizona, in and for Maricopa County, under Cause No.

22   CV2010-054007, by Plaintiff Vivian Haas.   While the caption of the lawsuit filed by Ms.

23   Haas does not indicate that she is acting as a statutory Plaintiff for the beneficiaries of the

24   alleged wrongful death of Gary Haas, the claims of Plaintiff Haas are for various damages

25   as a result of the alleged wrongful death of Gary Haas.   Plaintiff filed her original

26   Complaint on or about September 1, 2010, and service on Defendant MTC was

27   accomplished on or about September 2, 2010.   An Amended Complaint was subsequently

28

                                              1

filed by Plaintiff Haas on or about September 9, 2010. The Amended Complaint added as a Defendant Claudia Washburn.

Therefore, the time within which moving Defendants are allowed to file this Notice of Removal of this Action to this court has not elapsed. True and correct copies of the Summons and original Complaint in Cause No. CV2010-054007, presently pending in the Superior Court of the State of Arizona, in and for Maricopa County, are attached hereto as **Exhibit A**, and incorporated herein by reference. A true and correct copy of the Amended Complaint filed on or about September 9, 2010, is attached hereto as **Exhibit B**, and incorporated herein by reference. The United States District Court has jurisdiction in this matter pursuant to diversity of citizenship between Plaintiff and all Defendants. The Amended Complaint reflects that Plaintiff is a resident of Missouri, while Defendant MTC is a Delaware corporation with its principal place of business in the State of Utah, and Defendant Washburn is listed as a resident of Arizona. Jurisdiction is based on 28 U.S.C. §1332, and removal of this matter is appropriate pursuant to 28 U.S.C. §§1441 and 1446.

2. Defendant Management and Training Corporation has not had an opportunity to contact Defendant Claudia Washburn. At present, the address for Claudia Washburn is unknown to Management & Training Corporation. As of this date, Defendant Management & Training Corporation has asked counsel for Plaintiff Haas to inform undersigned counsel of the address for Claudia Washburn.

Concurrently herewith, Petitioner MTC has given written notice of the removal to Plaintiff, and to the Clerk of the Superior Court of the State of Arizona, in and for Maricopa County. A copy of the Notice of Removal filed in Superior Court is attached hereto as **Exhibit C**, and incorporated herein by reference.

WHEREFORE, Defendant MTC requests the above entitled action, now pending in the Superior Court of the State of Arizona, in and for the County of Maricopa, be removed therefrom to this court as provided by law.

///

2

///

RESPECTFULLY SUBMITTED this 23 day of September, 2010.

THE HERZOG LAW FIRM, P.C.

By _____
Michael Herzog
14350 N. 87th Street, Suite 180
Scottsdale, Arizona  85260
*Attorney for Defendant*

ORIGINAL of the foregoing electronically
filed and a copy electronically delivered
this 23 day of September, 2010, to:

Clerk of the United States District Court

Copy of the foregoing mailed
this 23 day of September, 2010, to:

Christopher J. Zachar, Esq.
ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona  85032
*Attorney for Plaintiff*

By _____

3

**EXHIBIT A**

4/2/10
12:48 pm
MD

**ZACHAR LAW FIRM, P.C.**
3301 East Thunderbird Road
Phoenix, Arizona 85032
(602) 494-4800
Christopher J. Zachar    #014711
czachar@zacharlaw.com

ORIGINAL

Attorney for the Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| VIVIAN HAAS, an adult individual, | No.: CV2010-054007 |
| Plaintiff, | |
| vs. | SUMMONS |
| MANAGEMENT & TRAINING CORPORATION, a Delaware Corporation, | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.lawyerfinders.org. Sponsored by the Maricopa County Bar Association |
| Defendant. | |

THE STATE OF ARIZONA TO THE DEFENDANT:

<u>**MANAGEMENT & TRAINING CORPORATION,** a Delaware Corporation:</u>

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance, an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer, or plead until expiration of 40 days after such date of service upon the Director. Service by registered or certified mail within the State of Arizona is complete 30 days after the date of filing the receipt and Affidavit of service with the Court. Service by publication is complete 30 days after the date of the first publication, direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete

30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. A.R.C.P. 4; A.R.S. §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE HEREBY CAUTIONED that in order to appear and defend, you must file an Answer of proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff or Plaintiff's attorney. A.R.C.P. 10 (d); A.R.S. §§12-311; A.R.C.P. 5.

Name and address of Plaintiff's attorney is:

Christopher J. Zachar, Esq.
Zachar Law Firm, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

SIGNED AND SEALED THIS DATE:    SEP 0 1 2010

MICHAEL K. JEANES, CLERK

Clerk

By:

-2-

| | |
|---|---|
| 1 | **ZACHAR LAW FIRM, P.C.** |
| 2 | 3301 East Thunderbird Road |
| 3 | Phoenix, Arizona 85032 |
|   | (602) 494-4800 |
| 4 | Christopher J. Zachar    #014711 |
| 5 | czachar@zacharlaw.com |
| 6 | Attorney for the Plaintiff |



7

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8

9    IN AND FOR THE COUNTY OF MARICOPA

10

| | |
|---|---|
| 11 | VIVIAN HAAS, an adult individual, |
| 12 | Plaintiff, |
| 13 | vs. |
| 14 | |
| 15 | MANAGEMENT & TRAINING CORPORATION, a Delaware Corporation, |
| 16 | |
| 17 | Defendant. |

No.: CV2010-054007

**COMPLAINT**

(Tort: Non-Motor Vehicle;
Wrongful Death)

18
19    NOW COMES Vivian Haas, by and through counsel undersigned, and for her

20    Complaint against the Defendant alleges as follows:

21    1.    Plaintiff is a resident of Jasper County, Missouri. Plaintiff Vivian Haas is the

22    natural mother of Gary Haas, deceased.

23    2.    Defendant Management & Training Corporation (hereinafter referred to as

24    "MTC") is a Delaware Corporation, doing business in the State of Arizona, with CT

25    Corporation System in Maricopa County serving as their statutory agent

26    3.    Pursuant to a contract with the Arizona Department of Corrections (hereinafter

      referred to as "ADC"), Defendant operates, oversees, and maintains the Arizona State Prison

27    – Kingman (hereinafter referred to as the "Prison"), in Mohave County, Arizona.

28    4.    All acts and transactions alleged herein occurred in the State of Arizona.

-1-

COPY
SEP 0 1 2010
MICHAEL K. JEANES, CLERK
...DEPUTY

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

5. On or about March 22, 2004, ADC awarded a contract to Defendant MTC to operate the Prison, designed and constructed for 1,100 minimum security beds and 300 medium security beds to house DUI inmates.

6. On or about December 13, 2007, for the first time, convicted murderers were assigned to the Prison.

7. By May, 2008, Defendant MTC's contract relating to the Prison had been amended to allow the Prison to maintain 2,000 beds in the Cerbat Unit and 1,400 beds in the Hualapai Unit, creating a 3,400 minimum/medium security prison.

8. On or about February 23, 2010, inmate John Charles McCluskey, #074469, sentenced in 2009 to serve fifteen years for attempted 2nd degree murder, aggravated assault, and discharge of a firearm, was transferred to the Prison, classified as "medium custody".

9. On or about February 24, 2010, inmate Tracy Allen Province, #071253, sentenced in 1993 to a life sentence for murder and robbery, originally classified to maximum custody, was transferred to the Prison, classified as "medium custody".

10. On or about April 20, 2010, inmate Daniel Renwick, #164446, sentenced in 2002 to two consecutive twenty-two year terms for two counts of 2nd degree murder, was transferred to the Prison, classified as "medium custody".

11. On July 30, 2010, inmates McCluskey, Province, and Renwick escaped from the Prison by exiting through a door wedged open by a rock, climbing one improperly protected fence, hiding behind an inappropriate building in "no-man's land," and cutting through the wire of a second chain link fence in Zone 9.

12. On or about August 2, 2010, escapees McCluskey and Province, with the assistance of an accomplice, Casslyn Mae Welch, confronted Gary Haas and Linda Haas at a highway rest stop near the New Mexico/Texas border on Interstate 40.

13. Gary and Linda Haas were in or near their pickup truck towing a camping trailer. McCluskey and Province pointed handguns at Gary and Linda Hass, entered the truck with Gary and Linda Haas, and forced Gary Haas to drive westerly.

14. Accomplice Welch followed the Haas vehicle in yet another stolen vehicle.

15. Shortly after the escapees abducted Gary and Linda Haas, McCluskey directed Gary Haas to exit the highway and drive to a secluded area.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

16.    McCluskey thereafter took Gary and Linda Haas into the camping trailer and brutally shot them, killing each of them

17.    The escapees and accomplice thereafter drove the Haas vehicle westbound on the highway, with trailer in tow, still containing the bodies of Gary and Linda Haas.

18.    Shortly thereafter, while the escapees were filling the stolen truck with fuel, they noticed blood leaking out of the trailer door.

19.    The escapees and accomplice then drove to a remote location, disconnected the trailer and intentionally set fire to the trailer with the bodies of Gary and Linda Haas still inside.

20.    The Haas' stolen truck was later abandoned by the escapees in Albuquerque, New Mexico.

21.    Province was captured by law enforcement on August 9, 2010, in Meeteetse, Wyoming.

22.    McCluskey and accomplice Welch were captured by law enforcement on August 19, 2010, in the Apache-Sitgreaves National Forest in eastern Arizona.

## I. SUMMARY OF CLAIM

23.    On August 2, 2010, Gary and Linda Haas were enjoying their annual summer vacation, which included traveling by truck from Oklahoma to Colorado.

24.    Along their travel route, they stopped at an interstate highway rest area in New Mexico.

25.    Thereafter, their path tragically intersected with two convicted murderers and an accomplice on the run from the Prison.

26.    Due to the gross negligence of the Defendant, Gary and Linda Haas were senselessly murdered that day, and Plaintiff Vivian Haas, was forever deprived of the comfort, care, and companionship of her son, Gary Haas.

27.    On July 30, 2010, John McCluskey, Tracy Province, and Daniel Renwick, with the help of an accomplice, Casslyn Mae Welch, escaped from the Prison.

28.    McCluskey was serving time for attempted murder.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

1    29.  Welch had parked a vehicle in the desert nearby to aid in their flight.

2    30.  Their escape from the Prison was accomplished by slipping through a door

3  propped open by a rock, climbing over a fence, hiding behind a structure and cutting through

4  a second perimeter fence.

5    31.  Almost immediately, McCluskey, Province, and Welch became separated from

6  Renwick while trying to find the Welch vehicle.

7    32.  Additionally, Welch provided McCluskey and Province with firearms she had

8  acquired in anticipation of the escape.

9    33.  After not being able to find the Welch car, McCluskey, Province and Welch

10  hijacked two semi-truck drivers and forced them to drive to Flagstaff, Arizona.

11    34.  After arriving in Flagstaff, Arizona, McCluskey wanted to kill the two truck

12  drivers.

13    35.  Province and Welch stated opinions to the contrary.

14    36.  As the group consensus was to not kill the two truck drivers, their lives were

15  spared.

16    37.  Upon information, the three then procured a smaller vehicle and the group

17  proceeded to drive from Arizona into New Mexico.

18    38.  While in New Mexico, they stole a license plate to replace the expired one on

19  the small car they were traveling in.

20    39.  The escapees then decided that they needed a larger vehicle and decided to

21  target someone driving a camper or trailer.

22    40.  On the morning of August 2, 2010, McCluskey, Province, and Welch stopped at

23  a rest area on an interstate just inside the New Mexico border.

24    41.  While there, they spotted Gary and Linda Haas standing near their truck and

25  trailer. They immediately decided this was the target they were seeking and waited for an
opening.

26    42.  While Gary got back in the truck, and Linda was walking back toward the truck

27  from the camper, she was accosted at gunpoint by McCluskey and Province.

28    43.  McCluskey and Province overtook Linda and forced her into the cab of the

pickup at gunpoint.

-4-

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

44. McCluskey and Province then entered the back seat of the pickup and forced Gary to begin driving. Welch followed behind in the small car the group had been traveling in.

45. Gary and Linda were now trapped, on a nightmare path toward their own deaths.

46. McCluskey first forced Gary to drive westbound deeper into New Mexico.

47. After a while, McCluskey ordered Gary to exit the interstate and drive off of the highway to a secluded area.

48. McCluskey and Province then took Gary and Linda into the trailer and made them locate the guns they were traveling with.

49. At that point, Province exited the trailer.

50. Thereafter, while Province and Welch remained outside the trailer, they heard gunshots.

51. Entering the trailer, they discovered that McCluskey had brutally shot and killed both Gary and Linda Haas.

52. They then fled the scene.

53. They stopped at a gasoline station in New Mexico, needing to fill the truck gasoline.

54. In doing so, they noticed the blood of Gary and Linda Haas leaking from the trailer.

55. They attempted to clean it up to conceal it, but could not contain all of it.

56. At that point, they knew they needed to get rid of the trailer.

57. They left the station, wherein they soon found a secluded spot.

58. They unhooked the trailer from the truck.

59. They then poured fuel into the trailer, and lit it on fire in an attempt to destroy any evidence of the murders of Gary and Linda Haas.

60. They remained on the lam for several more days, and all were eventually apprehended by law enforcement authorities.

61. By written confirmation, Defendant MTC has formally accepted full responsibility.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

62. In an August 13, 2010 letter to the Arizona Department of Corrections, Defendant MTC admitted its responsibility for the escapes.

63. A review of the lax procedures and incompetent management of the facility make it clear that circumstances surrounding the escapes were shocking and egregious.

64. McCluskey, Province, and Renwick were violent offenders.

65. Province was a convicted murderer, who had already been incarcerated for 17 years.

66. Renwick was a convicted murderer who had already been incarcerated for 8 years.

67. McCluskey was serving a 15 year sentence for attempted murder.

68. Remarkably, they were able to successfully escape the MTC-managed Prison in Kingman less than nine (9) months after entering it.

69. The negligent and reckless management procedures in the Prison security now known are disturbing and numerous, and will be fully proven at trial.

70. Every factor that could contribute to a prisoner being able to escape was present.

71. The alarm system didn't work.

72. False alarms occurred so often that the guards ignored them.

73. The perimeter fencing was substandard.

74. Patrols of the perimeter were scattershot at best.

75. Intrusions by outsiders near the fence perimeters were common.

76. Procedures for shift changes along the perimeter were so loose that the perimeter was often unmanned for 15 minutes or more at a time.

77. Light poles around the edge of the prison routinely had burned out lights.

78. Staff members were insufficiently trained to respond to alarm malfunctions.

79. Staff members were insufficiently trained in the tracking and pursuit of escapees.

80. All of these shortcomings and others led to the escapes, and the violent and pointless murders of Gary and Linda Haas.

81. The deaths of Gary and Linda Haas were completely preventable.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

82. After admitting liability to the State of Arizona, Defendant MTC has undertaken to revamp all their procedures and to make tangible changes to the physical plant at the prison.

83. Tragically, these remedial efforts will be too late to be of any use to Vivian Haas.

**COUNT I**

**(Negligence v. Defendant)**

84. Plaintiff re-alleges and incorporates herein all facts and allegations stated in paragraphs 1 through 83.

85. Defendant MTC had duties to protect the general public from dangerous, convicted felons.

86. Defendant MTC had duties to protect the general public in employing proper incarceration policies and procedures to assure that violent offenders stayed locked up and away from the general public.

87. Defendant MTC knew or in the exercise of reasonable care should have known that a failure to fulfill the aforementioned duties could have dangerous and deadly consequences for members of the general public.

88. The consequences of Defendant MTC's failure to employ adequate prison policies and procedures, and/or adhere to its own policies and procedures were entirely and completely foreseeable to Defendant.

89. In failing to establish adequate policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

90. In failing to implement adequate policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

91. In failing to train, instruct and/or monitor its employees properly regarding the policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

92. In failing to enforce its policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

93. As a direct and proximate result of the negligence of Defendant MTC, Plaintiff's son, Gary Haas, was murdered.

WHEREFORE, Plaintiff seeks Judgment against the Defendants as follows:

A. For Plaintiff's special damages, in amounts sufficient to satisfy the jurisdictional requirement of the this court, and in amounts to be proven at trial;

B. For Plaintiff's general damages, in amounts to be proven at trial;

C. For Plaintiff's reasonable costs incurred herein; and

D. For such other and further relief as the court deems just and proper.

## COUNT II
### (Gross Negligence/Recklessness v. Defendant)

94. Plaintiff re-alleges and incorporates herein all facts and allegations stated in paragraphs 1 through 93.

95. The manner in which Defendant MTC managed the Prison, particularly in light of its responsibilities for the control and custody of convicted murderers and violent felons, demonstrated a reckless disregard for the safety of others.

96. Defendant MTC recklessly breached its duties of care as follows:

    a) By failing to maintain and follow adequate procedures for shift relief, resulting in the Prison's perimeter being unmanned for extended periods of time;

    b) By failing to train its employees on proper response to alarm procedures and/or training or allowing employees to disregard the alarms when activated;

    c) By failing to train its employees to properly and promptly detect perimeter tracks;

    d) By failing to take necessary action to remedy a seriously malfunctioning alarm system that recorded 89 zone alarms on July 30, 2010, resulting in Prison staff being desensitized to alarm activations due to the exceedingly high number of false alarm activations;

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

e) By failing to properly restrict and monitor pedestrian and vehicular traffic in close proximity to the perimeter;

f) By failing to properly train employees and assure employee proficiency with weapons;

g) By failing to replace burned out light fixtures on perimeter light poles resulting in inadequate perimeter lighting;

h) By failing to insure a proper method of counting inmates, which resulted in significant time delays;

i) By failing to maintain and adequate Emergency Response Plan;

j) By inadequately maintaining a K9 adoption program, resulting in a facility with inadequate fencing, unlocked doors, and inmate access to equipment such as was used in the escape of July 30, 2010;

k) By failing to adequately train employees regarding the alarms, and by failing to train employees regarding the clearance of alarms, resulting in delays of 20 and 23 minutes for two (2) separate Zone 9 alarms at or about the time of the escape;

l) By failing to effectively respond to alarms and conduct an emergency inmate count to confirm the absence of three (3) inmates until more than one hour after the escape;

m) By failing to promptly and effectively notify Mohave County and State of Arizona law enforcement of the escape thereby preventing immediate response and search for the escapees.

97. It was reasonably foreseeable that medium security inmates previously convicted of murder and attempted murder would be considered armed and dangerous, presenting a clear and present danger to the public at large if allowed to escape the Prison.

98. Through its egregious failure to meet its duty of care to the general public, Defendant MTC acted to serve its own interests while having reason to know, and consciously disregarded a substantial risk that its conduct might significantly injure the rights of others, for which Plaintiff Vivian Haas is entitled to punitive damages.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

99. Through its egregious failure to meet its duty of care to the general public, Defendant MTC consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others, for which Plaintiff Vivian Haas is entitled to punitive damages.

100. As a direct and proximate result of Defendant MTC's recklessness, Gary Haas was abducted by the Prison escapees and brutally murdered.

101. As the surviving parent of Gary Haas, Vivian Haas is entitled to bring this action for wrongful death pursuant to A.R.S § 12-612.

102. As a direct and proximate result of Defendant's negligence which resulted in the death of her son, Plaintiff Vivian Haas has suffered severe and extreme emotional distress and the loss of care, companionship, support and services of her son, Gary Haas.

WHEREFORE, Plaintiff seeks Judgment against the Defendants as follows:

A. For Plaintiff's special damages, in amounts sufficient to satisfy the jurisdictional requirement of the this court, and in amounts to be proven at trial;

B. For Plaintiff's general damages, in amounts to be proven at trial;

C. For punitive damages, to deter Defendant and others similarly situated from a like course of conduct in the future;

D. Plaintiff's reasonable costs incurred herein; and

E. For such other and further relief as the court deems just and proper.

DATED this 1st day of September, 2010.

Christopher J. Zachar, Esq.
Attorney for the Plaintiff

**EXHIBIT B**



**ZACHAR LAW FIRM, P.C.**

1

2    3301 East Thunderbird Road
     Phoenix, Arizona 85032
3    (602) 494-4800
4    Christopher J. Zachar    #014711
     czachar@zacharlaw.com
5

6    Attorney for the Plaintiff

7

8                IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                   IN AND FOR THE COUNTY OF MARICOPA

10

11   VIVIAN HAAS, an adult individual,

                                              No.: CV2010-054007
12              Plaintiff,

                                              **AMENDED COMPLAINT**
13   vs.

                                              (Tort: Non-Motor Vehicle;
14   **MANAGEMENT & TRAINING**                Wrongful Death)
15   **CORPORATION**, a Delaware Corporation;
     **CLAUDIA WASHBURN**, an adult
16   individual,

17              Defendants.

18

19

20        NOW COMES Vivian Haas, by and through counsel undersigned, and for her

21   Amended Complaint against the Defendant alleges as follows:

22

          1.    Plaintiff is a resident of Jasper County, Missouri. Plaintiff Vivian Haas is the
23
     natural mother of Gary Haas, deceased.
24
          2.    Defendant Management & Training Corporation (hereinafter referred to as
25
     "MTC") is a Delaware Corporation, doing business in the State of Arizona, with CT
26
     Corporation System in Maricopa County serving as their statutory agent
27
          3.    Upon information and belief, Defendant Claudia Washburn is an adult
     individual, presently residing in Gila County, Arizona.
28

*(left margin, vertical text)* ZACHAR LAW FIRM, P.C. / 3301 East Thunderbird Road / Phoenix, Arizona 85032

-1-



4. Pursuant to a contract with the Arizona Department of Corrections (hereinafter referred to as "ADC"), Defendant operates, oversees, and maintains the Arizona State Prison – Kingman (hereinafter referred to as the "Prison"), in Mohave County, Arizona.

5. All acts and transactions alleged herein occurred in the State of Arizona.

6. On or about March 22, 2004, ADC awarded a contract to Defendant MTC to operate the Prison, designed and constructed for 1,100 minimum security beds and 300 medium security beds to house DUI inmates.

7. On or about December 13, 2007, for the first time, convicted murderers were assigned to the Prison.

8. By May, 2008, Defendant MTC's contract relating to the Prison had been amended to allow the Prison to maintain 2,000 beds in the Cerbat Unit and 1,400 beds in the Hualapai Unit, creating a 3,400 minimum/medium security prison.

9. On or about February 23, 2010, inmate John Charles McCluskey, #074469, sentenced in 2009 to serve fifteen years for attempted 2nd degree murder, aggravated assault, and discharge of a firearm, was transferred to the Prison, classified as "medium custody".

10. On or about February 24, 2010, inmate Tracy Allen Province, #071253, sentenced in 1993 to a life sentence for murder and robbery, originally classified to maximum custody, was transferred to the Prison, classified as "medium custody".

11. On or about April 20, 2010, inmate Daniel Renwick, #164446, sentenced in 2002 to two consecutive twenty-two year terms for two counts of 2nd degree murder, was transferred to the Prison, classified as "medium custody".

12. On information and belief, prior and subsequent to July 30, 2010, Defendant Washburn provided financial and material assistance to accomplice Casslyn Mae Welch for the express purpose of assisting her son, inmate John Charles McCluskey, escape from the Prison and elude law enforcement efforts to recapture him.

13. On July 30, 2010, inmates McCluskey, Province, and Renwick escaped from the Prison by exiting through a door wedged open by a rock, climbing one improperly protected fence, hiding behind an inappropriate building in "no-man's land," and cutting through the wire of a second chain link fence in Zone 9.

-2-

14. On or about August 2, 2010, escapees McCluskey and Province, with the assistance of an accomplice, Casslyn Mae Welch, confronted Gary Haas and Linda Haas at a highway rest stop near the New Mexico/Texas border on Interstate 40.

15. Gary and Linda Haas were in or near their pickup truck towing a camping trailer. McCluskey and Province pointed handguns at Gary and Linda Hass, entered the truck with Gary and Linda Haas, and forced Gary Haas to drive westerly.

16. Accomplice Welch followed the Haas vehicle in yet another stolen vehicle.

17. Shortly after the escapees abducted Gary and Linda Haas, McCluskey directed Gary Haas to exit the highway and drive to a secluded area.

18. McCluskey thereafter took Gary and Linda Haas into the camping trailer and brutally shot them, killing each of them

19. The escapees and accomplice thereafter drove the Haas vehicle westbound on the highway, with trailer in tow, still containing the bodies of Gary and Linda Haas.

20. Shortly thereafter, while the escapees were filling the stolen truck with fuel, they noticed blood leaking out of the trailer door.

21. The escapees and accomplice then drove to a remote location, disconnected the trailer and intentionally set fire to the trailer with the bodies of Gary and Linda Haas still inside.

22. The Haas' stolen truck was later abandoned by the escapees in Albuquerque, New Mexico.

23. Province was captured by law enforcement on August 9, 2010, in Meeteetse, Wyoming.

24. McCluskey and accomplice Welch were captured by law enforcement on August 19, 2010, in the Apache-Sitgreaves National Forest in eastern Arizona.

## I. SUMMARY OF CLAIM

25. On August 2, 2010, Gary and Linda Haas were enjoying their annual summer vacation, which included traveling by truck from Oklahoma to Colorado.

26. Along their travel route, they stopped at an interstate highway rest area in New Mexico.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

27. Thereafter, their path tragically intersected with two convicted murderers and an accomplice on the run from the Prison.

28. Due to the gross negligence of the Defendant, Gary and Linda Haas were senselessly murdered that day, and Plaintiff Vivian Haas, was forever deprived of the comfort, care, and companionship of her son, Gary Haas.

29. On July 30, 2010, John McCluskey, Tracy Province, and Daniel Renwick, with the help of an accomplice, Casslyn Mae Welch, escaped from the Prison.

30. McCluskey was serving time for attempted murder.

31. Welch had parked a vehicle in the desert nearby to aid in their flight.

32. Their escape from the Prison was accomplished by slipping through a door propped open by a rock, climbing over a fence, hiding behind a structure and cutting through a second perimeter fence.

33. Almost immediately, McCluskey, Province, and Welch became separated from Renwick while trying to find the Welch vehicle.

34. Additionally, Welch provided McCluskey and Province with firearms she had acquired in anticipation of the escape.

35. After not being able to find the Welch car, McCluskey, Province and Welch hijacked two semi-truck drivers and forced them to drive to Flagstaff, Arizona.

36. After arriving in Flagstaff, Arizona, McCluskey wanted to kill the two truck drivers.

37. Province and Welch stated opinions to the contrary.

38. As the group consensus was to not kill the two truck drivers, their lives were spared.

39. Upon information, the three then procured a smaller vehicle and the group proceeded to drive from Arizona into New Mexico.

40. According to information and belief, the three were able to procure a vehicle and money with the assistance of Defendant Claudia Washburn, in or near Jake's Corner, Arizona.

41. Upon information and belief, Defendant Washburn is the mother of Defendant McClusky, and the aunt of accomplice Welch.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

42. Thereafter, while in New Mexico, they stole a license plate to replace the expired one on the small car they were traveling in.

43. The escapees then decided that they needed a larger vehicle and decided to target someone driving a camper or trailer.

44. On the morning of August 2, 2010, McCluskey, Province, and Welch stopped at a rest area on an interstate just inside the New Mexico border.

45. While there, they spotted Gary and Linda Haas standing near their truck and trailer. They immediately decided this was the target they were seeking and waited for an opening.

46. While Gary got back in the truck, and Linda was walking back toward the truck from the camper, she was accosted at gunpoint by McCluskey and Province.

47. McCluskey and Province overtook Linda and forced her into the cab of the pickup at gunpoint.

48. McCluskey and Province then entered the back seat of the pickup and forced Gary to begin driving. Welch followed behind in the small car the group had been traveling in.

49. Gary and Linda were now trapped, on a nightmare path, toward their own deaths.

50. McCluskey first forced Gary to drive westbound deeper into New Mexico.

51. After a while, McCluskey ordered Gary to exit the interstate and drive off of the highway to a secluded area.

52. McCluskey and Province then took Gary and Linda into the trailer and made them locate the guns they were traveling with.

53. At that point, Province exited the trailer.

54. Thereafter, while Province and Welch remained outside the trailer, they heard gunshots.

55. Entering the trailer, they discovered that McCluskey had brutally shot and killed both Gary and Linda Haas.

56. They then fled the scene.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

57. They stopped at a gasoline station in New Mexico, needing to fill the truck gasoline.

58. In doing so, they noticed the blood of Gary and Linda Haas leaking from the trailer.

59. They attempted to clean it up to conceal it, but could not contain all of it.

60. At that point, they knew they needed to get rid of the trailer.

61. They left the station, wherein they soon found a secluded spot.

62. They unhooked the trailer from the truck.

63. They then poured fuel into the trailer, and lit it on fire in an attempt to destroy any evidence of the murders of Gary and Linda Haas.

64. They remained on the lam for several more days, and all were eventually apprehended by law enforcement authorities.

65. By written confirmation, Defendant MTC has formally accepted full responsibility.

66. In an August 13, 2010 letter to the Arizona Department of Corrections, Defendant MTC admitted its responsibility for the escapes.

67. A review of the lax procedures and incompetent management of the facility make it clear that circumstances surrounding the escapes were shocking and egregious.

68. McCluskey, Province, and Renwick were violent offenders.

69. Province was a convicted murderer, who had already been incarcerated for 17 years.

70. Renwick was a convicted murderer who had already been incarcerated for 8 years.

71. McCluskey was serving a 15 year sentence for attempted murder.

72. Remarkably, they were able to successfully escape the MTC-managed Prison in Kingman less than nine (9) months after entering it.

73. The negligent and reckless management procedures in the Prison security now known are disturbing and numerous, and will be fully proven at trial.

74. Every factor that could contribute to a prisoner being able to escape was present.

-6-

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

75. The alarm system didn't work.

76. False alarms occurred so often that the guards ignored them.

77. The perimeter fencing was substandard.

78. Patrols of the perimeter were scattershot at best.

79. Intrusions by outsiders near the fence perimeters were common.

80. Procedures for shift changes along the perimeter were so loose that the perimeter was often unmanned for 15 minutes or more at a time.

81. Light poles around the edge of the prison routinely had burned out lights.

82. Staff members were insufficiently trained to respond to alarm malfunctions.

83. Staff members were insufficiently trained in the tracking and pursuit of escapees.

84. All of these shortcomings and others led to the escapes, and the violent and pointless murders of Gary and Linda Haas.

85. The deaths of Gary and Linda Haas were completely preventable.

86. After admitting liability to the State of Arizona, Defendant MTC has undertaken to revamp all their procedures and to make tangible changes to the physical plant at the prison.

87. Tragically, these remedial efforts will be too late to be of any use to Vivian Haas.

## COUNT I
### (Negligence v. Defendant MTC)

88. Plaintiff re-alleges and incorporates herein all facts and allegations stated in paragraphs 1 through 87.

89. Defendant MTC had duties to protect the general public from dangerous, convicted felons.

90. Defendant MTC had duties to protect the general public in employing proper incarceration policies and procedures to assure that violent offenders stayed locked up and away from the general public.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

91.  Defendant MTC knew or in the exercise of reasonable care should have known that a failure to fulfill the aforementioned duties could have dangerous and deadly consequences for members of the general public.

92.  The consequences of Defendant MTC's failure to employ adequate prison policies and procedures, and/or adhere to its own policies and procedures were entirely and completely foreseeable to Defendant.

93.  In failing to establish adequate policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

94.  In failing to implement adequate policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

95.  In failing to train, instruct and/or monitor its employees properly regarding the policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

96.  In failing to enforce its policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

97.  As a direct and proximate result of the negligence of Defendant MTC, Plaintiff's son, Gary Haas, was murdered.

WHEREFORE, Plaintiff seeks Judgment against the Defendants as follows:

A.  For Plaintiff's special damages, in amounts sufficient to satisfy the jurisdictional requirement of the this court, and in amounts to be proven at trial;

B.  For Plaintiff's general damages, in amounts to be proven at trial;

C.  For Plaintiff's reasonable costs incurred herein; and

D.  For such other and further relief as the court deems just and proper.

(Gross Negligence/Recklessness v. Defendant MTC)

98. Plaintiff re-alleges and incorporates herein all facts and allegations stated in paragraphs 1 through 97.

99. The manner in which Defendant MTC managed the Prison, particularly in light of its responsibilities for the control and custody of convicted murderers and violent felons, demonstrated a reckless disregard for the safety of others.

100. Defendant MTC recklessly breached its duties of care as follows:

a) By failing to maintain and follow adequate procedures for shift relief, resulting in the Prison's perimeter being unmanned for extended periods of time;

b) By failing to train its employees on proper response to alarm procedures and/or training or allowing employees to disregard the alarms when activated;

c) By failing to train its employees to properly and promptly detect perimeter tracks;

d) By failing to take necessary action to remedy a seriously malfunctioning alarm system that recorded 89 zone alarms on July 30, 2010, resulting in Prison staff being desensitized to alarm activations due to the exceedingly high number of false alarm activations;

e) By failing to properly restrict and monitor pedestrian and vehicular traffic in close proximity to the perimeter;

f) By failing to properly train employees and assure employee proficiency with weapons;

g) By failing to replace burned out light fixtures on perimeter light poles resulting in inadequate perimeter lighting;

h) By failing to insure a proper method of counting inmates, which resulted in significant time delays;

i) By failing to maintain and adequate Emergency Response Plan;

j)  By inadequately maintaining a K9 adoption program, resulting in a facility with inadequate fencing, unlocked doors, and inmate access to equipment such as was used in the escape of July 30, 2010;

k)  By failing to adequately train employees regarding the alarms, and by failing to train employees regarding the clearance of alarms, resulting in delays of 20 and 23 minutes for two (2) separate Zone 9 alarms at or about the time of the escape;

l)  By failing to effectively respond to alarms and conduct an emergency inmate count to confirm the absence of three (3) inmates until more than one hour after the escape;

m)  By failing to promptly and effectively notify Mohave County and State of Arizona law enforcement of the escape thereby preventing immediate response and search for the escapees.

101. It was reasonably foreseeable that medium security inmates previously convicted of murder and attempted murder would be considered armed and dangerous, presenting a clear and present danger to the public at large if allowed to escape the Prison.

102. Through its egregious failure to meet its duty of care to the general public, Defendant MTC acted to serve its own interests while having reason to know, and consciously disregarded a substantial risk that its conduct might significantly injure the rights of others, for which Plaintiff Vivian Haas is entitled to punitive damages.

103. Through its egregious failure to meet its duty of care to the general public, Defendant MTC consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others, for which Plaintiff Vivian Haas is entitled to punitive damages.

104. As a direct and proximate result of Defendant MTC's recklessness, Gary Haas was abducted by the Prison escapees and brutally murdered.

105. As the surviving parent of Gary Haas, Vivian Haas is entitled to bring this action for wrongful death pursuant to A.R.S § 12-612.

106. As a direct and proximate result of Defendant's negligence which resulted in the death of her son, Plaintiff Vivian Haas has suffered severe and extreme emotional distress and the loss of care, companionship, support and services of her son, Gary Haas.

WHEREFORE, Plaintiff seeks Judgment against the Defendants as follows:

A.   For Plaintiff's special damages, in amounts sufficient to satisfy the jurisdictional requirement of the this court, and in amounts to be proven at trial;

B.   For Plaintiff's general damages, in amounts to be proven at trial;

C.   For punitive damages, to deter Defendant and others similarly situated from a like course of conduct in the future;

D.   Plaintiff's reasonable costs incurred herein; and

E.   For such other and further relief as the court deems just and proper.

## COUNT III
### (Negligence v. Defendant Washburn)

107. Plaintiff re-alleges and incorporates herein all facts and allegations stated in paragraphs 1 through 106.

108. Defendant Washburn had legal duties, to the citizens of Arizona and the United States, to cooperate with authorities for the detection and capture of dangerous, convicted felons.

109. Furthermore, and above all, Defendant Washburn had legal duties to refuse the provision of aid to these dangerous, convicted and escaped felons and their accomplice.

110. Defendant Washburn knew or in the exercise of reasonable care should have known that a failure to fulfill the aforementioned duties could have dangerous and deadly consequences for members of the general public.

111. Defendant Washburn breached the aforementioned duties to Plaintiff.

112. As a direct and proximate result of the negligence of Defendant Washburn, Plaintiff's son, Gary Haas, was murdered.

WHEREFORE, Plaintiff seeks Judgment against the Defendant Washburn as follows:

A.  For Plaintiff's special damages, in amounts sufficient to satisfy the jurisdictional requirement of the this court, and in amounts to be proven at trial;

B.  For Plaintiff's general damages, in amounts to be proven at trial;

C.  For punitive damages, to deter Defendant and others similarly situated from a like course of conduct in the future;

D.  For Plaintiff's reasonable costs incurred herein; and

E.  For such other and further relief as the court deems just and proper.

DATED this ___9th___ day of September, 2010.

Christopher J. Zachar, Esq.
Attorney for the Plaintiff

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032



**EXHIBIT C**

1  Michael Herzog, SBA: 005892
   **THE HERZOG LAW FIRM, P.C.**
2  14350 N. 87th Street, Suite 180
   Scottsdale, Arizona 85260
3  Telephone:  (480) 264-0842
   Facsimile:  (480) 422-9008
4  Email:  mh@herzogfirm.com

5  Attorneys for Defendant

6            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7               **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| 8  VIVIAN HAAS, an adult individual, | No.  CV2010-054007 |
| 9              Plaintiff, | **NOTICE OF REMOVAL** |
|    v. | |
| 10 | (Permanently Assigned to the Honorable |
| 11 MANAGEMENT & TRAINING CORPORATION, a Delaware Corporation; | Brian R. Hauser) |
| 12 CLAUDIA WASHBURN, an adult individual, | |
| 13              Defendants. | |

14     **TO:  THE CLERK OF THE SUPERIOR COURT FOR THE STATE OF**

15 **ARIZONA, IN AND FOR THE COUNTY OF MARICOPA.**

16     Please take notice that on the __23__ day of September, 2010, Defendant

17 Management & Training Corporation (herein after "MTC"), filed with the United States

18 District Court for the District of Arizona, Phoenix Division, a Notice of Removal thereto of

19 the above-captioned action, a copy of which Notice of Removal, including all exhibits

20 thereto, is attached hereto as **Exhibit A**, and is filed with your court pursuant to the

21 provisions of 28 U.S.C. §1446(d).

22     RESPECTFULLY SUBMITTED this __23__ day of September, 2010.

23

24                    THE HERZOG LAW FIRM, P.C.

25

26     By _____
           Michael Herzog
27         14350 N. 87th Street, Suite 180
           Scottsdale, Arizona  85260
28         *Attorney for Defendant*

                              1

ORIGINAL filed this 23 day
of September, 2010, with:

The Clerk of the Court
MARICOPA COUNTY SUPERIOR COURT
18380 N. 40th Street
Phoenix, Arizona   85032

COPY hand-delivered
this 23 day of September, 2010, to:

Honorable Brian R. Hauser
MARICOPA COUNTY SUPERIOR COURT
Northeast Court E
18380 N. 40th Street
Phoenix, Arizona   85032

COPY of the foregoing mailed
this 23 day of September, 2010, to:

Christopher J. Zachar, Esq.
ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona   85032
*Attorney for Plaintiff*

By_____

**EXHIBIT A**

1  Michael Herzog, SBA: 005892
   **THE HERZOG LAW FIRM, P.C.**
2  14350 N. 87th Street, Suite 180
   Scottsdale, Arizona 85260
3  Telephone:  (480) 264-0842
   Facsimile:   (480) 422-9008
4  Email:  mh@herzogfirm.com

5  Attorneys for Defendant

6  **IN THE UNITED STATES DISTRICT COURT**

7  **DISTRICT OF ARIZONA**

| | |
|---|---|
| 8  VIVIAN HAAS, an adult individual, | No. |
| 9             Plaintiff, | |
| 10  v. | (Maricopa County Court No. CV2010-054007) |
| 11  MANAGEMENT & TRAINING CORPORATION, a Delaware Corporation; | **NOTICE OF REMOVAL** |
| 12  CLAUDIA WASHBURN, an adult individual, | |
| 13             Defendants. | |

14  **TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

15  **COURT FOR THE DISTRICT OF ARIZONA.**

16       Petitioner Management & Training Corporation (herein after "MTC"), one of the

17  Defendants in the above-entitled action, hereby petitions this court for removal of this

18  matter to the United States District Court for the District of Arizona, and respectfully states

19  as follows:

20       1.     This action was filed against moving Defendant and others in the Superior

21  Court of the State of Arizona, in and for Maricopa County, under Cause No.

22  CV2010-054007, by Plaintiff Vivian Haas.   While the caption of the lawsuit filed by Ms.

23  Haas does not indicate that she is acting as a statutory Plaintiff for the beneficiaries of the

24  alleged wrongful death of Gary Haas, the claims of Plaintiff Haas are for various damages

25  as a result of the alleged wrongful death of Gary Haas.   Plaintiff filed her original

26  Complaint on or about September 1, 2010, and service on Defendant MTC was

27  accomplished on or about September 2, 2010.   An Amended Complaint was subsequently

28

1

filed by Plaintiff Haas on or about September 9, 2010. The Amended Complaint added as a Defendant Claudia Washburn.

Therefore, the time within which moving Defendants are allowed to file this Notice of Removal of this Action to this court has not elapsed. True and correct copies of the Summons and original Complaint in Cause No. CV2010-054007, presently pending in the Superior Court of the State of Arizona, in and for Maricopa County, are attached hereto as **Exhibit A**, and incorporated herein by reference. A true and correct copy of the Amended Complaint filed on or about September 9, 2010, is attached hereto as **Exhibit B**, and incorporated herein by reference. The United States District Court has jurisdiction in this matter pursuant to diversity of citizenship between Plaintiff and all Defendants. The Amended Complaint reflects that Plaintiff is a resident of Missouri, while Defendant MTC is a Delaware corporation with its principal place of business in the State of Utah, and Defendant Washburn is listed as a resident of Arizona. Jurisdiction is based on 28 U.S.C. §1332, and removal of this matter is appropriate pursuant to 28 U.S.C. §§1441 and 1446.

2. Defendant Management and Training Corporation has not had an opportunity to contact Defendant Claudia Washburn. At present, the address for Claudia Washburn is unknown to Management & Training Corporation. As of this date, Defendant Management & Training Corporation has asked counsel for Plaintiff Haas to inform undersigned counsel of the address for Claudia Washburn.

Concurrently herewith, Petitioner MTC has given written notice of the removal to Plaintiff, and to the Clerk of the Superior Court of the State of Arizona, in and for Maricopa County. A copy of the Notice of Removal filed in Superior Court is attached hereto as **Exhibit C**, and incorporated herein by reference.

WHEREFORE, Defendant MTC requests the above entitled action, now pending in the Superior Court of the State of Arizona, in and for the County of Maricopa, be removed therefrom to this court as provided by law.

///

///

RESPECTFULLY SUBMITTED this 23 day of September, 2010.

THE HERZOG LAW FIRM, P.C.

By _____
Michael Herzog
14350 N. 87th Street, Suite 180
Scottsdale, Arizona  85260
*Attorney for Defendant*

ORIGINAL of the foregoing electronically
filed and a copy electronically delivered
this 23 day of September, 2010, to:

Clerk of the United States District Court

Copy of the foregoing mailed
this 23 day of September, 2010, to:

Christopher J. Zachar, Esq.
ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona  85032
*Attorney for Plaintiff*

By_____

3

**EXHIBIT A**

4/2/10
12:48 pm
MG

**ZACHAR LAW FIRM, P.C.**
3301 East Thunderbird Road
Phoenix, Arizona 85032
(602) 494-4800
Christopher J. Zachar      #014711
czachar@zacharlaw.com

Attorney for the Plaintiff



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| VIVIAN HAAS, an adult individual, | No.: CV2010-054007 |
| Plaintiff, | |
| vs. | **SUMMONS** |
| MANAGEMENT & TRAINING | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at |
| CORPORATION, a Delaware Corporation, | 602-257-4434 or |
| Defendant. | www.lawyerfinders.org. |
| | Sponsored by the Maricopa County Bar Association |

THE STATE OF ARIZONA TO THE DEFENDANT:

**MANAGEMENT & TRAINING CORPORATION, a** Delaware Corporation:

        YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance, an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer, or plead until expiration of 40 days after such date of service upon the Director. Service by registered or certified mail within the State of Arizona is complete 30 days after the date of filing the receipt and Affidavit of service with the Court. Service by publication is complete 30 days after the date of the first publication, direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete

-1-

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE HEREBY CAUTIONED that in order to appear and defend, you must file an Answer of proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff or Plaintiff's attorney. A.R.C.P. 10 (d); A.R.S. §§12-311; A.R.C.P. 5.

Name and address of Plaintiff's attorney is:

Christopher J. Zachar, Esq.
Zachar Law Firm, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

SIGNED AND SEALED THIS DATE:     SEP 0 1 2010

MICHAEL K. JEANES, CLERK

Clerk

By: _____

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

-2-

# ZACHAR LAW FIRM, P.C.

3301 East Thunderbird Road
Phoenix, Arizona 85032
(602) 494-4800
Christopher J. Zachar        #014711
czachar@zacharlaw.com

Attorney for the Plaintiff



COPY

SEP 01 2010

MICHAEL K. JEANES, CLERK
MESA JUSTICE CTR.

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| VIVIAN HAAS, an adult individual,<br><br>Plaintiff,<br><br>vs.<br><br>MANAGEMENT & TRAINING CORPORATION, a Delaware Corporation,<br><br>Defendant. | No.: CV2010-054007<br><br>**COMPLAINT**<br><br>(Tort: Non-Motor Vehicle;<br>Wrongful Death) |

NOW COMES Vivian Haas, by and through counsel undersigned, and for her Complaint against the Defendant alleges as follows:

1.  Plaintiff is a resident of Jasper County, Missouri. Plaintiff Vivian Haas is the natural mother of Gary Haas, deceased.

2.  Defendant Management & Training Corporation (hereinafter referred to as "MTC") is a Delaware Corporation, doing business in the State of Arizona, with CT Corporation System in Maricopa County serving as their statutory agent

3.  Pursuant to a contract with the Arizona Department of Corrections (hereinafter referred to as "ADC"), Defendant operates, oversees, and maintains the Arizona State Prison – Kingman (hereinafter referred to as the "Prison"), in Mohave County, Arizona.

4.  All acts and transactions alleged herein occurred in the State of Arizona.

-1-

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

5. On or about March 22, 2004, ADC awarded a contract to Defendant MTC to operate the Prison, designed and constructed for 1,100 minimum security beds and 300 medium security beds to house DUI inmates.

6. On or about December 13, 2007, for the first time, convicted murderers were assigned to the Prison.

7. By May, 2008, Defendant MTC's contract relating to the Prison had been amended to allow the Prison to maintain 2,000 beds in the Cerbat Unit and 1,400 beds in the Hualapai Unit, creating a 3,400 minimum/medium security prison.

8. On or about February 23, 2010, inmate John Charles McCluskey, #074469, sentenced in 2009 to serve fifteen years for attempted 2nd degree murder, aggravated assault, and discharge of a firearm, was transferred to the Prison, classified as "medium custody".

9. On or about February 24, 2010, inmate Tracy Allen Province, #071253, sentenced in 1993 to a life sentence for murder and robbery, originally classified to maximum custody, was transferred to the Prison, classified as "medium custody".

10. On or about April 20, 2010, inmate Daniel Renwick, #164446, sentenced in 2002 to two consecutive twenty-two year terms for two counts of 2nd degree murder, was transferred to the Prison, classified as "medium custody".

11. On July 30, 2010, inmates McCluskey, Province, and Renwick escaped from the Prison by exiting through a door wedged open by a rock, climbing one improperly protected fence, hiding behind an inappropriate building in "no-man's land," and cutting through the wire of a second chain link fence in Zone 9.

12. On or about August 2, 2010, escapees McCluskey and Province, with the assistance of an accomplice, Casslyn Mae Welch, confronted Gary Haas and Linda Haas at a highway rest stop near the New Mexico/Texas border on Interstate 40.

13. Gary and Linda Haas were in or near their pickup truck towing a camping trailer. McCluskey and Province pointed handguns at Gary and Linda Hass, entered the truck with Gary and Linda Haas, and forced Gary Haas to drive westerly.

14. Accomplice Welch followed the Haas vehicle in yet another stolen vehicle.

15. Shortly after the escapees abducted Gary and Linda Haas, McCluskey directed Gary Haas to exit the highway and drive to a secluded area.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

16. McCluskey thereafter took Gary and Linda Haas into the camping trailer and brutally shot them, killing each of them

17. The escapees and accomplice thereafter drove the Haas vehicle westbound on the highway, with trailer in tow, still containing the bodies of Gary and Linda Haas.

18. Shortly thereafter, while the escapees were filling the stolen truck with fuel, they noticed blood leaking out of the trailer door.

19. The escapees and accomplice then drove to a remote location, disconnected the trailer and intentionally set fire to the trailer with the bodies of Gary and Linda Haas still inside.

20. The Haas' stolen truck was later abandoned by the escapees in Albuquerque, New Mexico.

21. Province was captured by law enforcement on August 9, 2010, in Meeteetse, Wyoming.

22. McCluskey and accomplice Welch were captured by law enforcement on August 19, 2010, in the Apache-Sitgreaves National Forest in eastern Arizona.

## I. SUMMARY OF CLAIM

23. On August 2, 2010, Gary and Linda Haas were enjoying their annual summer vacation, which included traveling by truck from Oklahoma to Colorado.

24. Along their travel route, they stopped at an interstate highway rest area in New Mexico.

25. Thereafter, their path tragically intersected with two convicted murderers and an accomplice on the run from the Prison.

26. Due to the gross negligence of the Defendant, Gary and Linda Haas were senselessly murdered that day, and Plaintiff Vivian Haas, was forever deprived of the comfort, care, and companionship of her son, Gary Haas.

27. On July 30, 2010, John McCluskey, Tracy Province, and Daniel Renwick, with the help of an accomplice, Casslyn Mae Welch, escaped from the Prison.

28. McCluskey was serving time for attempted murder.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

29. Welch had parked a vehicle in the desert nearby to aid in their flight.

30. Their escape from the Prison was accomplished by slipping through a door propped open by a rock, climbing over a fence, hiding behind a structure and cutting through a second perimeter fence.

31. Almost immediately, McCluskey, Province, and Welch became separated from Renwick while trying to find the Welch vehicle.

32. Additionally, Welch provided McCluskey and Province with firearms she had acquired in anticipation of the escape.

33. After not being able to find the Welch car, McCluskey, Province and Welch hijacked two semi-truck drivers and forced them to drive to Flagstaff, Arizona.

34. After arriving in Flagstaff, Arizona, McCluskey wanted to kill the two truck drivers.

35. Province and Welch stated opinions to the contrary.

36. As the group consensus was to not kill the two truck drivers, their lives were spared.

37. Upon information, the three then procured a smaller vehicle and the group proceeded to drive from Arizona into New Mexico.

38. While in New Mexico, they stole a license plate to replace the expired one on the small car they were traveling in.

39. The escapees then decided that they needed a larger vehicle and decided to target someone driving a camper or trailer.

40. On the morning of August 2, 2010, McCluskey, Province, and Welch stopped at a rest area on an interstate just inside the New Mexico border.

41. While there, they spotted Gary and Linda Haas standing near their truck and trailer. They immediately decided this was the target they were seeking and waited for an opening.

42. While Gary got back in the truck, and Linda was walking back toward the truck from the camper, she was accosted at gunpoint by McCluskey and Province.

43. McCluskey and Province overtook Linda and forced her into the cab of the pickup at gunpoint.

-4-

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

44. McCluskey and Province then entered the back seat of the pickup and forced Gary to begin driving. Welch followed behind in the small car the group had been traveling in.

45. Gary and Linda were now trapped, on a nightmare path toward their own deaths.

46. McCluskey first forced Gary to drive westbound deeper into New Mexico.

47. After a while, McCluskey ordered Gary to exit the interstate and drive off of the highway to a secluded area.

48. McCluskey and Province then took Gary and Linda into the trailer and made them locate the guns they were traveling with.

49. At that point, Province exited the trailer.

50. Thereafter, while Province and Welch remained outside the trailer, they heard gunshots.

51. Entering the trailer, they discovered that McCluskey had brutally shot and killed both Gary and Linda Haas.

52. They then fled the scene.

53. They stopped at a gasoline station in New Mexico, needing to fill the truck gasoline.

54. In doing so, they noticed the blood of Gary and Linda Haas leaking from the trailer.

55. They attempted to clean it up to conceal it, but could not contain all of it.

56. At that point, they knew they needed to get rid of the trailer.

57. They left the station, wherein they soon found a secluded spot.

58. They unhooked the trailer from the truck.

59. They then poured fuel into the trailer, and lit it on fire in an attempt to destroy any evidence of the murders of Gary and Linda Haas.

60. They remained on the lam for several more days, and all were eventually apprehended by law enforcement authorities.

61. By written confirmation, Defendant MTC has formally accepted full responsibility.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

62. In an August 13, 2010 letter to the Arizona Department of Corrections, Defendant MTC admitted its responsibility for the escapes.

63. A review of the lax procedures and incompetent management of the facility make it clear that circumstances surrounding the escapes were shocking and egregious.

64. McCluskey, Province, and Renwick were violent offenders.

65. Province was a convicted murderer, who had already been incarcerated for 17 years.

66. Renwick was a convicted murderer who had already been incarcerated for 8 years.

67. McCluskey was serving a 15 year sentence for attempted murder.

68. Remarkably, they were able to successfully escape the MTC-managed Prison in Kingman less than nine (9) months after entering it.

69. The negligent and reckless management procedures in the Prison security now known are disturbing and numerous, and will be fully proven at trial.

70. Every factor that could contribute to a prisoner being able to escape was present.

71. The alarm system didn't work.

72. False alarms occurred so often that the guards ignored them.

73. The perimeter fencing was substandard.

74. Patrols of the perimeter were scattershot at best.

75. Intrusions by outsiders near the fence perimeters were common.

76. Procedures for shift changes along the perimeter were so loose that the perimeter was often unmanned for 15 minutes or more at a time.

77. Light poles around the edge of the prison routinely had burned out lights.

78. Staff members were insufficiently trained to respond to alarm malfunctions.

79. Staff members were insufficiently trained in the tracking and pursuit of escapees.

80. All of these shortcomings and others led to the escapes, and the violent and pointless murders of Gary and Linda Haas.

81. The deaths of Gary and Linda Haas were completely preventable.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

82. After admitting liability to the State of Arizona, Defendant MTC has undertaken to revamp all their procedures and to make tangible changes to the physical plant at the prison.

83. Tragically, these remedial efforts will be too late to be of any use to Vivian Haas.

## COUNT I

### (Negligence v. Defendant)

84. Plaintiff re-alleges and incorporates herein all facts and allegations stated in paragraphs 1 through 83.

85. Defendant MTC had duties to protect the general public from dangerous, convicted felons.

86. Defendant MTC had duties to protect the general public in employing proper incarceration policies and procedures to assure that violent offenders stayed locked up and away from the general public.

87. Defendant MTC knew or in the exercise of reasonable care should have known that a failure to fulfill the aforementioned duties could have dangerous and deadly consequences for members of the general public.

88. The consequences of Defendant MTC's failure to employ adequate prison policies and procedures, and/or adhere to its own policies and procedures were entirely and completely foreseeable to Defendant.

89. In failing to establish adequate policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

90. In failing to implement adequate policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

91. In failing to train, instruct and/or monitor its employees properly regarding the policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

92. In failing to enforce its policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

93. As a direct and proximate result of the negligence of Defendant MTC, Plaintiff's son, Gary Haas, was murdered.

WHEREFORE, Plaintiff seeks Judgment against the Defendants as follows:

A. For Plaintiff's special damages, in amounts sufficient to satisfy the jurisdictional requirement of the this court, and in amounts to be proven at trial;

B. For Plaintiff's general damages, in amounts to be proven at trial;

C. For Plaintiff's reasonable costs incurred herein; and

D. For such other and further relief as the court deems just and proper.

## COUNT II

### (Gross Negligence/Recklessness v. Defendant)

94. Plaintiff re-alleges and incorporates herein all facts and allegations stated in paragraphs 1 through 93.

95. The manner in which Defendant MTC managed the Prison, particularly in light of its responsibilities for the control and custody of convicted murderers and violent felons, demonstrated a reckless disregard for the safety of others.

96. Defendant MTC recklessly breached its duties of care as follows:

    a) By failing to maintain and follow adequate procedures for shift relief, resulting in the Prison's perimeter being unmanned for extended periods of time;

    b) By failing to train its employees on proper response to alarm procedures and/or training or allowing employees to disregard the alarms when activated;

    c) By failing to train its employees to properly and promptly detect perimeter tracks;

    d) By failing to take necessary action to remedy a seriously malfunctioning alarm system that recorded 89 zone alarms on July 30, 2010, resulting in Prison staff being desensitized to alarm activations due to the exceedingly high number of false alarm activations;

-8-

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

e)  By failing to properly restrict and monitor pedestrian and vehicular traffic in close proximity to the perimeter;

f)  By failing to properly train employees and assure employee proficiency with weapons;

g)  By failing to replace burned out light fixtures on perimeter light poles resulting in inadequate perimeter lighting;

h)  By failing to insure a proper method of counting inmates, which resulted in significant time delays;

i)  By failing to maintain and adequate Emergency Response Plan;

j)  By inadequately maintaining a K9 adoption program, resulting in a facility with inadequate fencing, unlocked doors, and inmate access to equipment such as was used in the escape of July 30, 2010;

k)  By failing to adequately train employees regarding the alarms, and by failing to train employees regarding the clearance of alarms, resulting in delays of 20 and 23 minutes for two (2) separate Zone 9 alarms at or about the time of the escape;

l)  By failing to effectively respond to alarms and conduct an emergency inmate count to confirm the absence of three (3) inmates until more than one hour after the escape;

m)  By failing to promptly and effectively notify Mohave County and State of Arizona law enforcement of the escape thereby preventing immediate response and search for the escapees.

97.  It was reasonably foreseeable that medium security inmates previously convicted of murder and attempted murder would be considered armed and dangerous, presenting a clear and present danger to the public at large if allowed to escape the Prison.

98.  Through its egregious failure to meet its duty of care to the general public, Defendant MTC acted to serve its own interests while having reason to know, and consciously disregarded a substantial risk that its conduct might significantly injure the rights of others, for which Plaintiff Vivian Haas is entitled to punitive damages.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

1    99.    Through its egregious failure to meet its duty of care to the general public,

2  Defendant MTC consciously pursued a course of conduct knowing that it created a

3  substantial risk of significant harm to others, for which Plaintiff Vivian Haas is entitled to

4  punitive damages.

5    100.    As a direct and proximate result of Defendant MTC's recklessness, Gary Haas

6  was abducted by the Prison escapees and brutally murdered.

7    101.    As the surviving parent of Gary Haas, Vivian Haas is entitled to bring this

8  action for wrongful death pursuant to A.R.S § 12-612.

9    102.    As a direct and proximate result of Defendant's negligence which resulted in the

10  death of her son, Plaintiff Vivian Haas has suffered severe and extreme emotional distress

11  and the loss of care, companionship, support and services of her son, Gary Haas.

12
13    WHEREFORE, Plaintiff seeks Judgment against the Defendants as follows:

14  A.    For Plaintiff's special damages, in amounts sufficient to satisfy the jurisdictional

15       requirement of the this court, and in amounts to be proven at trial;

16  B.    For Plaintiff's general damages, in amounts to be proven at trial;

17  C.    For punitive damages, to deter Defendant and others similarly situated from a

18       like course of conduct in the future;

19  D.    Plaintiff's reasonable costs incurred herein; and

20  E.    For such other and further relief as the court deems just and proper.

21
22    DATED this ___ day of September, 2010.

23

24

25                    Christopher J. Zachar, Esq.
                      Attorney for the Plaintiff

26

27

28

-10-

**EXHIBIT B**



**ZACHAR LAW FIRM, P.C.**
3301 East Thunderbird Road
Phoenix, Arizona 85032
(602) 494-4800
Christopher J. Zachar          #014711
czachar@zacharlaw.com

COPY

SEP 0 9 2010



MICHAEL K. JEATES CLERK
.....
DEPUTY CLERK

Attorney for the Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| VIVIAN HAAS, an adult individual, | No.: CV2010-054007 |
| Plaintiff, | **AMENDED COMPLAINT** |
| vs. | (Tort: Non-Motor Vehicle; Wrongful Death) |
| **MANAGEMENT & TRAINING CORPORATION,** a Delaware Corporation; **CLAUDIA WASHBURN,** an adult individual, | |
| Defendants. | |

NOW COMES Vivian Haas, by and through counsel undersigned, and for her Amended Complaint against the Defendant alleges as follows:

    1.   Plaintiff is a resident of Jasper County, Missouri. Plaintiff Vivian Haas is the natural mother of Gary Haas, deceased.

    2.   Defendant Management & Training Corporation (hereinafter referred to as "MTC") is a Delaware Corporation, doing business in the State of Arizona, with CT Corporation System in Maricopa County serving as their statutory agent

    3.   Upon information and belief, Defendant Claudia Washburn is an adult individual, presently residing in Gila County, Arizona.



ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

4.     Pursuant to a contract with the Arizona Department of Corrections (hereinafter referred to as "ADC"), Defendant operates, oversees, and maintains the Arizona State Prison – Kingman (hereinafter referred to as the "Prison"), in Mohave County, Arizona.

5.     All acts and transactions alleged herein occurred in the State of Arizona.

6.     On or about March 22, 2004, ADC awarded a contract to Defendant MTC to operate the Prison, designed and constructed for 1,100 minimum security beds and 300 medium security beds to house DUI inmates.

7.     On or about December 13, 2007, for the first time, convicted murderers were assigned to the Prison.

8.     By May, 2008, Defendant MTC's contract relating to the Prison had been amended to allow the Prison to maintain 2,000 beds in the Cerbat Unit and 1,400 beds in the Hualapai Unit, creating a 3,400 minimum/medium security prison.

9.     On or about February 23, 2010, inmate John Charles McCluskey, #074469, sentenced in 2009 to serve fifteen years for attempted 2nd degree murder, aggravated assault, and discharge of a firearm, was transferred to the Prison, classified as "medium custody".

10.     On or about February 24, 2010, inmate Tracy Allen Province, #071253, sentenced in 1993 to a life sentence for murder and robbery, originally classified to maximum custody, was transferred to the Prison, classified as "medium custody".

11.     On or about April 20, 2010, inmate Daniel Renwick, #164446, sentenced in 2002 to two consecutive twenty-two year terms for two counts of 2nd degree murder, was transferred to the Prison, classified as "medium custody".

12.     On information and belief, prior and subsequent to July 30, 2010, Defendant Washburn provided financial and material assistance to accomplice Casslyn Mae Welch for the express purpose of assisting her son, inmate John Charles McCluskey, escape from the Prison and elude law enforcement efforts to recapture him.

13.     On July 30, 2010, inmates McCluskey, Province, and Renwick escaped from the Prison by exiting through a door wedged open by a rock, climbing one improperly protected fence, hiding behind an inappropriate building in "no-man's land," and cutting through the wire of a second chain link fence in Zone 9.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

14. On or about August 2, 2010, escapees McCluskey and Province, with the assistance of an accomplice, Casslyn Mae Welch, confronted Gary Haas and Linda Haas at a highway rest stop near the New Mexico/Texas border on Interstate 40.

15. Gary and Linda Haas were in or near their pickup truck towing a camping trailer. McCluskey and Province pointed handguns at Gary and Linda Hass, entered the truck with Gary and Linda Haas, and forced Gary Haas to drive westerly.

16. Accomplice Welch followed the Haas vehicle in yet another stolen vehicle.

17. Shortly after the escapees abducted Gary and Linda Haas, McCluskey directed Gary Haas to exit the highway and drive to a secluded area.

18. McCluskey thereafter took Gary and Linda Haas into the camping trailer and brutally shot them, killing each of them

19. The escapees and accomplice thereafter drove the Haas vehicle westbound on the highway, with trailer in tow, still containing the bodies of Gary and Linda Haas.

20. Shortly thereafter, while the escapees were filling the stolen truck with fuel, they noticed blood leaking out of the trailer door.

21. The escapees and accomplice then drove to a remote location, disconnected the trailer and intentionally set fire to the trailer with the bodies of Gary and Linda Haas still inside.

22. The Haas' stolen truck was later abandoned by the escapees in Albuquerque, New Mexico.

23. Province was captured by law enforcement on August 9, 2010, in Meeteetse, Wyoming.

24. McCluskey and accomplice Welch were captured by law enforcement on August 19, 2010, in the Apache-Sitgreaves National Forest in eastern Arizona.

## I. SUMMARY OF CLAIM

25. On August 2, 2010, Gary and Linda Haas were enjoying their annual summer vacation, which included traveling by truck from Oklahoma to Colorado.

26. Along their travel route, they stopped at an interstate highway rest area in New Mexico.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

27.  Thereafter, their path tragically intersected with two convicted murderers and an accomplice on the run from the Prison.

28.  Due to the gross negligence of the Defendant, Gary and Linda Haas were senselessly murdered that day, and Plaintiff Vivian Haas, was forever deprived of the comfort, care, and companionship of her son, Gary Haas.

29.  On July 30, 2010, John McCluskey, Tracy Province, and Daniel Renwick, with the help of an accomplice, Casslyn Mae Welch, escaped from the Prison.

30.  McCluskey was serving time for attempted murder.

31.  Welch had parked a vehicle in the desert nearby to aid in their flight.

32.  Their escape from the Prison was accomplished by slipping through a door propped open by a rock, climbing over a fence, hiding behind a structure and cutting through a second perimeter fence.

33.  Almost immediately, McCluskey, Province, and Welch became separated from Renwick while trying to find the Welch vehicle.

34.  Additionally, Welch provided McCluskey and Province with firearms she had acquired in anticipation of the escape.

35.  After not being able to find the Welch car, McCluskey, Province and Welch hijacked two semi-truck drivers and forced them to drive to Flagstaff, Arizona.

36.  After arriving in Flagstaff, Arizona, McCluskey wanted to kill the two truck drivers.

37.  Province and Welch stated opinions to the contrary.

38.  As the group consensus was to not kill the two truck drivers, their lives were spared.

39.  Upon information, the three then procured a smaller vehicle and the group proceeded to drive from Arizona into New Mexico.

40.  According to information and belief, the three were able to procure a vehicle and money with the assistance of Defendant Claudia Washburn, in or near Jake's Corner, Arizona.

41.  Upon information and belief, Defendant Washburn is the mother of Defendant McClusky, and the aunt of accomplice Welch.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

42.    Thereafter, while in New Mexico, they stole a license plate to replace the expired one on the small car they were traveling in.

43.    The escapees then decided that they needed a larger vehicle and decided to target someone driving a camper or trailer.

44.    On the morning of August 2, 2010, McCluskey, Province, and Welch stopped at a rest area on an interstate just inside the New Mexico border.

45.    While there, they spotted Gary and Linda Haas standing near their truck and trailer. They immediately decided this was the target they were seeking and waited for an opening.

46.    While Gary got back in the truck, and Linda was walking back toward the truck from the camper, she was accosted at gunpoint by McCluskey and Province.

47.    McCluskey and Province overtook Linda and forced her into the cab of the pickup at gunpoint.

48.    McCluskey and Province then entered the back seat of the pickup and forced Gary to begin driving. Welch followed behind in the small car the group had been traveling in.

49.    Gary and Linda were now trapped, on a nightmare path, toward their own deaths.

50.    McCluskey first forced Gary to drive westbound deeper into New Mexico.

51.    After a while, McCluskey ordered Gary to exit the interstate and drive off of the highway to a secluded area.

52.    McCluskey and Province then took Gary and Linda into the trailer and made them locate the guns they were traveling with.

53.    At that point, Province exited the trailer.

54.    Thereafter, while Province and Welch remained outside the trailer, they heard gunshots.

55.    Entering the trailer, they discovered that McCluskey had brutally shot and killed both Gary and Linda Haas.

56.    They then fled the scene.

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

57. They stopped at a gasoline station in New Mexico, needing to fill the truck gasoline.

58. In doing so, they noticed the blood of Gary and Linda Haas leaking from the trailer.

59. They attempted to clean it up to conceal it, but could not contain all of it.

60. At that point, they knew they needed to get rid of the trailer.

61. They left the station, wherein they soon found a secluded spot.

62. They unhooked the trailer from the truck.

63. They then poured fuel into the trailer, and lit it on fire in an attempt to destroy any evidence of the murders of Gary and Linda Haas.

64. They remained on the lam for several more days, and all were eventually apprehended by law enforcement authorities.

65. By written confirmation, Defendant MTC has formally accepted full responsibility.

66. In an August 13, 2010 letter to the Arizona Department of Corrections, Defendant MTC admitted its responsibility for the escapes.

67. A review of the lax procedures and incompetent management of the facility make it clear that circumstances surrounding the escapes were shocking and egregious.

68. McCluskey, Province, and Renwick were violent offenders.

69. Province was a convicted murderer, who had already been incarcerated for 17 years.

70. Renwick was a convicted murderer who had already been incarcerated for 8 years.

71. McCluskey was serving a 15 year sentence for attempted murder.

72. Remarkably, they were able to successfully escape the MTC-managed Prison in Kingman less than nine (9) months after entering it.

73. The negligent and reckless management procedures in the Prison security now known are disturbing and numerous, and will be fully proven at trial.

74. Every factor that could contribute to a prisoner being able to escape was present.

-6-

75. The alarm system didn't work.

76. False alarms occurred so often that the guards ignored them.

77. The perimeter fencing was substandard.

78. Patrols of the perimeter were scattershot at best.

79. Intrusions by outsiders near the fence perimeters were common.

80. Procedures for shift changes along the perimeter were so loose that the perimeter was often unmanned for 15 minutes or more at a time.

81. Light poles around the edge of the prison routinely had burned out lights.

82. Staff members were insufficiently trained to respond to alarm malfunctions.

83. Staff members were insufficiently trained in the tracking and pursuit of escapees.

84. All of these shortcomings and others led to the escapes, and the violent and pointless murders of Gary and Linda Haas.

85. The deaths of Gary and Linda Haas were completely preventable.

86. After admitting liability to the State of Arizona, Defendant MTC has undertaken to revamp all their procedures and to make tangible changes to the physical plant at the prison.

87. Tragically, these remedial efforts will be too late to be of any use to Vivian Haas.

**COUNT I**

**(Negligence v. Defendant MTC)**

88. Plaintiff re-alleges and incorporates herein all facts and allegations stated in paragraphs 1 through 87.

89. Defendant MTC had duties to protect the general public from dangerous, convicted felons.

90. Defendant MTC had duties to protect the general public in employing proper incarceration policies and procedures to assure that violent offenders stayed locked up and away from the general public.

91.   Defendant MTC knew or in the exercise of reasonable care should have known that a failure to fulfill the aforementioned duties could have dangerous and deadly consequences for members of the general public.

92.   The consequences of Defendant MTC's failure to employ adequate prison policies and procedures, and/or adhere to its own policies and procedures were entirely and completely foreseeable to Defendant.

93.   In failing to establish adequate policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

94.   In failing to implement adequate policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

95.   In failing to train, instruct and/or monitor its employees properly regarding the policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

96.   In failing to enforce its policies and procedures, Defendant MTC breached duties owned to the general public, and to Plaintiff Vivian Haas.

97.   As a direct and proximate result of the negligence of Defendant MTC, Plaintiff's son, Gary Haas, was murdered.

WHEREFORE, Plaintiff seeks Judgment against the Defendants as follows:

A.   For Plaintiff's special damages, in amounts sufficient to satisfy the jurisdictional requirement of the this court, and in amounts to be proven at trial;

B.   For Plaintiff's general damages, in amounts to be proven at trial;

C.   For Plaintiff's reasonable costs incurred herein; and

D.   For such other and further relief as the court deems just and proper.

## COUNT II

### (Gross Negligence/Recklessness v. Defendant MTC)

98. Plaintiff re-alleges and incorporates herein all facts and allegations stated in paragraphs 1 through 97.

99. The manner in which Defendant MTC managed the Prison, particularly in light of its responsibilities for the control and custody of convicted murderers and violent felons, demonstrated a reckless disregard for the safety of others.

100. Defendant MTC recklessly breached its duties of care as follows:

a) By failing to maintain and follow adequate procedures for shift relief, resulting in the Prison's perimeter being unmanned for extended periods of time;

b) By failing to train its employees on proper response to alarm procedures and/or training or allowing employees to disregard the alarms when activated;

c) By failing to train its employees to properly and promptly detect perimeter tracks;

d) By failing to take necessary action to remedy a seriously malfunctioning alarm system that recorded 89 zone alarms on July 30, 2010, resulting in Prison staff being desensitized to alarm activations due to the exceedingly high number of false alarm activations;

e) By failing to properly restrict and monitor pedestrian and vehicular traffic in close proximity to the perimeter;

f) By failing to properly train employees and assure employee proficiency with weapons;

g) By failing to replace burned out light fixtures on perimeter light poles resulting in inadequate perimeter lighting;

h) By failing to insure a proper method of counting inmates, which resulted in significant time delays;

i) By failing to maintain and adequate Emergency Response Plan;

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

j)  By inadequately maintaining a K9 adoption program, resulting in a facility with inadequate fencing, unlocked doors, and inmate access to equipment such as was used in the escape of July 30, 2010;

k)  By failing to adequately train employees regarding the alarms, and by failing to train employees regarding the clearance of alarms, resulting in delays of 20 and 23 minutes for two (2) separate Zone 9 alarms at or about the time of the escape;

l)  By failing to effectively respond to alarms and conduct an emergency inmate count to confirm the absence of three (3) inmates until more than one hour after the escape;

m)  By failing to promptly and effectively notify Mohave County and State of Arizona law enforcement of the escape thereby preventing immediate response and search for the escapees.

101. It was reasonably foreseeable that medium security inmates previously convicted of murder and attempted murder would be considered armed and dangerous, presenting a clear and present danger to the public at large if allowed to escape the Prison.

102. Through its egregious failure to meet its duty of care to the general public, Defendant MTC acted to serve its own interests while having reason to know, and consciously disregarded a substantial risk that its conduct might significantly injure the rights of others, for which Plaintiff Vivian Haas is entitled to punitive damages.

103. Through its egregious failure to meet its duty of care to the general public, Defendant MTC consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others, for which Plaintiff Vivian Haas is entitled to punitive damages.

104. As a direct and proximate result of Defendant MTC's recklessness, Gary Haas was abducted by the Prison escapees and brutally murdered.

105. As the surviving parent of Gary Haas, Vivian Haas is entitled to bring this action for wrongful death pursuant to A.R.S § 12-612.

106. As a direct and proximate result of Defendant's negligence which resulted in the death of her son, Plaintiff Vivian Haas has suffered severe and extreme emotional distress and the loss of care, companionship, support and services of her son, Gary Haas.

WHEREFORE, Plaintiff seeks Judgment against the Defendants as follows:

A.    For Plaintiff's special damages, in amounts sufficient to satisfy the jurisdictional requirement of the this court, and in amounts to be proven at trial;

B.    For Plaintiff's general damages, in amounts to be proven at trial;

C.    For punitive damages, to deter Defendant and others similarly situated from a like course of conduct in the future;

D.    Plaintiff's reasonable costs incurred herein; and

E.    For such other and further relief as the court deems just and proper.

## COUNT III
### (Negligence v. Defendant Washburn)

107. Plaintiff re-alleges and incorporates herein all facts and allegations stated in paragraphs 1 through 106.

108. Defendant Washburn had legal duties, to the citizens of Arizona and the United States, to cooperate with authorities for the detection and capture of dangerous, convicted felons.

109. Furthermore, and above all, Defendant Washburn had legal duties to refuse the provision of aid to these dangerous, convicted and escaped felons and their accomplice.

110. Defendant Washburn knew or in the exercise of reasonable care should have known that a failure to fulfill the aforementioned duties could have dangerous and deadly consequences for members of the general public.

111. Defendant Washburn breached the aforementioned duties to Plaintiff.

112. As a direct and proximate result of the negligence of Defendant Washburn, Plaintiff's son, Gary Haas, was murdered.

WHEREFORE, Plaintiff seeks Judgment against the Defendant Washburn as follows:

A.  For Plaintiff's special damages, in amounts sufficient to satisfy the jurisdictional requirement of the this court, and in amounts to be proven at trial;

B.  For Plaintiff's general damages, in amounts to be proven at trial;

C.  For punitive damages, to deter Defendant and others similarly situated from a like course of conduct in the future;

D.  For Plaintiff's reasonable costs incurred herein; and

E.  For such other and further relief as the court deems just and proper.

DATED this _____ day of September, 2010.

_____
Christopher J. Zachar, Esq.
Attorney for the Plaintiff

ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona 85032

**EXHIBIT C**

1  Michael Herzog, SBA: 005892
   **THE HERZOG LAW FIRM, P.C.**
2  14350 N. 87th Street, Suite 180
   Scottsdale, Arizona 85260
3  Telephone:  (480) 264-0842
   Facsimile:  (480) 422-9008
4  Email:  mh@herzogfirm.com

5  Attorneys for Defendant

6            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7              **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| 8  VIVIAN HAAS, an adult individual, | No.  CV2010-054007 |
| 9              Plaintiff, | |
|    v. | **NOTICE OF REMOVAL** |
| 10 | |
|    MANAGEMENT & TRAINING | (Permanently Assigned to the Honorable |
| 11 CORPORATION, a Delaware Corporation; | Brian R. Hauser) |
|    CLAUDIA WASHBURN, an adult | |
| 12 individual, | |
| 13              Defendants. | |

14      **TO:  THE CLERK OF THE SUPERIOR COURT FOR THE STATE OF**

15  **ARIZONA, IN AND FOR THE COUNTY OF MARICOPA.**

16      Please take notice that on the ___23___ day of September, 2010, Defendant

17  Management & Training Corporation (herein after "MTC"), filed with the United States

18  District Court for the District of Arizona, Phoenix Division, a Notice of Removal thereto of

19  the above-captioned action, a copy of which Notice of Removal, including all exhibits

20  thereto, is attached hereto as **Exhibit A**, and is filed with your court pursuant to the

21  provisions of 28 U.S.C. §1446(d).

22      RESPECTFULLY SUBMITTED this ___23___ day of September, 2010.

23

24              THE HERZOG LAW FIRM, P.C.

25

26  By _____
              Michael Herzog
27            14350 N. 87th Street, Suite 180
              Scottsdale, Arizona  85260
28            *Attorney for Defendant*

1

ORIGINAL filed this _23_ day
of September, 2010, with:

The Clerk of the Court
MARICOPA COUNTY SUPERIOR COURT
18380 N. 40th Street
Phoenix, Arizona   85032

COPY hand-delivered
this _23_ day of September, 2010, to:

Honorable Brian R. Hauser
MARICOPA COUNTY SUPERIOR COURT
Northeast Court E
18380 N. 40th Street
Phoenix, Arizona   85032

COPY of the foregoing mailed
this _23_ day of September, 2010, to:

Christopher J. Zachar, Esq.
ZACHAR LAW FIRM, P.C.
3301 East Thunderbird Road
Phoenix, Arizona   85032
*Attorney for Plaintiff*

By_____

2