**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Vivian Haas, | ) | No. CV 10-2043-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Management & Training Corp.; Claudia Washburn, | ) | |
| Defendants. | ) | |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

In this case, the notice of removal fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332. Specifically, the notice of removal fails to prove an amount in controversy. "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

Accordingly,

**IT IS ORDERED** that by October 25, 2010, Defendant Management & Training Corporation shall file an amended notice of removal properly alleging federal subject matter

1  jurisdiction, or this case will be remanded for lack of federal subject matter jurisdiction.[1]

2  DATED this 6th day of October, 2010.

James A. Teilborg
United States District Judge

---

[1] The amended notice of removal must contain all jurisdictional allegations sufficient to plead jurisdiction in one document and should not anticipate that the Court will read any previous filings to assess jurisdiction. *See Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005); *Valdez v. Allstate*, 372 F.3d 1115, 1117 (9th Cir. 2004).