Michael Herzog, SBA: 005892
**THE HERZOG LAW FIRM, P.C.**
14350 N. 87th Street, Suite 180
Scottsdale, Arizona 85260
Telephone: (480) 264-0842
Facsimile: (480) 422-9008
Email: mh@herzogfirm.com

Attorney for Defendant Management
 & Training Corporation

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| VIVIAN HAAS, an adult individual,<br><br>Plaintiff,<br><br>vs.<br><br>MANAGEMENT & TRAINING CORPORATION, a Delaware Corporation,; CLAUDIA WASHBURN, an adult individual,<br><br>Defendants. | No: CV 10-2043-PHX-JAT<br><br>**DEFENDANT MANAGEMENT & TRAINING CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL** |

Defendant Management & Training Corporation (hereinafter "MTC"), by and through its attorneys undersigned, hereby responds to Plaintiff's Motion for Voluntary Dismissal and requests that the Court deny Plaintiff's Motion. Plaintiff's Motion is premature and the granting of the Motion will prejudice Defendant MTC.

## I.  PROCEDUREL HISTORY

Plaintiffs claim against MTC arises from the escape of prisoners from the Arizona State Prison—King (hereinafter "Prison"), on or about July 30, 2010. (See, Pl.'s Amend. Compl. ¶ 13. A copy of the Amended Complaint was previously attached to MTC's Notice of Removal.) Plaintiffs initial Complaint was filed in the Superior Court of the State of Arizona, in and for Maricopa County on September 1, 2010. Plaintiff filed an Amended Complaint in Maricopa County Superior Court on September 9, 2010. The pending State Court action was removed to Federal Court on or about September 23, 2010. As noted in Plaintiff's Motion to Dismiss, Plaintiff filed a second lawsuit in the Superior Court of the State of Arizona, in and for Maricopa County, after the present lawsuit was

removed to Federal Court. The only significant difference between the two lawsuits filed in the State of Arizona Superior Court by Plaintiff is that the second lawsuit, which was filed on November 3, 2010, names the State of Arizona as a Defendant.

## II. LEGAL ARGUMENT

### A. Plaintiff's Motion is Premature

Plaintiff wrongly assumes that this Court cannot assert jurisdiction over this case until the State of Arizona consents to its being sued in this forum. (Pl.s' Mot. at 2:22-28.) While it is true that the State of Arizona can assert protection under the Eleventh Amendment, that protection is not automatic. *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 118 S.Ct. 2047 (1998) ("The Eleventh Amendment, however, does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so. The State can waive the defense."). Consequently, Plaintiff cannot simply assume that State of Arizona will assert its Eleventh Amendment protections. Moreover, even if the State of Arizona does assert such rights, this Court is not divested of jurisdiction over Plaintiff's claims against MTC.

### B. Even if the State of Arizona asserted its Eleventh Amendment rights, this Court retains jurisdiction over Plaintiff's claims against the remaining parties, including MTC

If this Court grants Plaintiff's Motion for Voluntary Dismissal, this Court will simply be presented with the removal of Plaintiff's subsequently filed state court case. District Courts within the Ninth Circuit do not lose jurisdiction over an entire case simply because they do not have jurisdiction over each and every claim in the case.

In *Lee v. American National Ins. Co.*, 260 F.3d 997 (9th Cir. 2001), the plaintiff, Lee, "filed a complaint in California Superior Court." 260 F.3d at 999. The defendants, "[a]sserting that the parties were diverse...promptly removed the case to district court. Lee did not contest the removal." Id. Lee subsequently "moved to remand the case to

state court." Id. at 1000. The district court then held that Lee lacked standing to sue one of the defendants in federal court. Id. at 999-1000. The Ninth Circuit rejected Lee's argument that "his lack of standing as to one defendant has destroyed subject matter jurisdiction in federal court over the entire case." Id. at 1002. The Court of Appeals concluded "that, in this case, the district court has jurisdiction over at least some of the Lee's claims, such that the case could have been filed in federal court originally, and so had removal jurisdiction." Id. at 1004.

The Court of Appeals went on to acknowledge that its holding "admittedly may result in largely duplicative state and federal court proceedings in this case and others like it." Id. at 1007. The Court of Appeals nevertheless concluded that:

> A case that is properly removed in its entirety may nonetheless be effectively split up when it is subsequently determined that some claims cannot be adjudicated in federal court. Lee raised this prospect as a reason for remanding his entire case (and the defendants raised it as a reason for retaining the entire case in federal court). *Schacht*, however, has foreclosed the possibility that any preference against forcing the plaintiff to split up his case, both for judicial economy reasons and because the plaintiff enjoys some entitlement to litigate his case as he chooses to, can override the language of §1447(c) proscribing the remand of the entire case when there is a subject matter jurisdiction over some of it."

Id. Consequently, and contrary to Plaintiff's assertion (*see* Mot. For Voluntary Dismissal at 3:27-28), Plaintiff's second filed lawsuit is subject to removal pursuant to 28 U.S.C. § 1441. Granting Plaintiff's Motion for Voluntary Dismissal will simply result in the second case currently filed in State Court to be removed to this Court wherein this Court will be presented with the identical claims against MTC as are presented in this case.

**C.** **Dismissal of this case does prejudice the legal claims of MTC**

"In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (1982). Legal prejudice is

3

"prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water District v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Pursuant to Rule 38(b), *Fed.R.Civ.P.*, Plaintiff has waived her right to a jury trial. Defendant's legal interest to pursue its defenses under a bench trial rather than a jury trial will be prejudiced by granting Plaintiff's Motion for Voluntary removal.

Assuming *arguendo* that Plaintiff is entitled to dismissal, Rule 41(a)(2) permits this court to attach conditions to the dismissal. Under the circumstances, any dismissal should be under the condition that Plaintiff reimburse MTC for all attorney's fees and costs associated with the filing of this matter. If Plaintiff all along intended to include the State of Arizona and its representative departments and personnel along with MTC, there is no reasonable explanation or justification as to why the first lawsuit was filed. Plaintiff asserts that at the time this matter was filed, Plaintiff was precluded from suing the State of Arizona pursuant to A.R.S. § 12-821.01. Although this is true, Plaintiff could have waited until after the Notice of Claim was denied to file a claim against all parties, including MTC. Instead, Plaintiff chose to file two separate lawsuits, each of which includes MTC as a defendant and, as Plaintiff admits "arise out of the same core of operative facts." (Mot. For Voluntary Dismissal at 3:1-2).

Plaintiff's assertion that it seeks dismissal in the interests of "[j]udicial economy and efficiency," (Mot. For Voluntary Dismissal at 3:7), rings hollow. Plaintiff's filing of two separate lawsuits asserting essentially the same claims and arising under the same core set of facts is the antithesis of judicial economy and efficiency. Moreover, as discussed in Lee, *supra.*, federal court jurisdiction may remain in spite of a lack of such economy and efficiency.

### III. CONCLUSION

Plaintiff's Motion is premature and if granted will simply result in this matter being presented to this Court upon removal of Plaintiff's second suit as currently filed in state court. Plaintiff's Motion is in substance a Motion for Remand. This Court should

therefore deny Plaintiff's Motion for Voluntary Dismissal.

RESPECTFULLY SUBMITTED this 20th day of December, 2010.

THE HERZOG LAW FIRM, P.C.


By /s/Michael Herzog
Michael Herzog
14350 N. 87th Street, Suite 180
Scottsdale, Arizona 85260
*Attorney for Defendant Management
& Training Corporation*

ORIGINAL ELECTRONICALLY FILED and
COPY ELECTRONICALLY TRANSMITTED
this 20th day of December, 2010 to:

Clerk of the United States District Court
District of Arizona

COPY of the foregoing mailed
this 20th day of December, 2010, to:

Christopher J. Zachar, Esq.
ZACHAR LAW FIRM, P.C.
3301 E. Thunderbird Rd.
Phoenix, Arizona 85032
*Attorney for Plaintiff*

By /s/Lisa White