**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| VIVIAN HAAS, an adult individual, | ) | No. 10-2043-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| MANAGEMENT & TRAINING CORPORATION, a Delaware Corporation; CLAUDIA WASHBURN, an adult individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Pending before the Court is Plaintiff Vivian Haas's ("Haas") Motion For Voluntary Dismissal.  (Doc. 15).  Defendant Management & Training Corporation ("MTC") filed a Response on December 20, 2010 (Doc. 16), and Haas filed a reply on December 27, 2010 (Doc. 17).  For the reasons stated below, the Court, having considered both parties' briefs, grants Haas's Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND.

This case arises from the escape of convicted felons from the MTC-run State Prison in Kingman, Arizona.  (Doc. 15, 2:5-10).  Defendant Washburn allegedly aided and abetted the escapees.  (*Id.*, 2:10-11).

On September 1, 2010, Haas filed suit in state court in Maricopa County, Arizona,

1   asserting theories of negligence and gross negligence arising out of the death of her son, Gary

2   Haas. (*Id.,* 2:4-10; Doc. 1, Ex 1).  On September 23, 2010, MTC successfully removed the

3   case to federal court (Doc. 4), pursuant to 28 U.S.C. § 1332.[1] (Doc. 12).  In a separate action,

4   Haas filed claims against the State of Arizona in state court based on the same facts and

5   circumstances underlying her claims in this action.  (Doc. 15, 3:1-4).  In the pending state

6   court action, in addition to the State of Arizona, Haas named MTC, Washburn, and others

7   as defendants, and all parties have been served.  (*Id.,* 3:17-20).  Haas requests that the Court

8   grant her Motion for Voluntary Dismissal of this case without prejudice, permitting her to

9   pursue her claims in state court.  (*Id.*, 1:21-24; *Id.*, 4:24-25).

10   **II.   LEGAL STANDARD.**

11   Because MTC has answered, Haas can voluntarily dismiss this case only with the

12   Court's permission.  FED. R. CIV. P. 41(a)(2).  Rule 41(a)(2) allows a plaintiff, pursuant to

13   court order, and subject to any terms and conditions the court deems proper, to dismiss an

14   action without prejudice at any time.  *Westlands Water Dist. v. United States*, 100 F.3d 94,

15   96 (9th Cir. 1996) (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921

16   (9th Cir. 1989)).  When deciding whether to grant a voluntary motion to dismiss without

17   prejudice, the Court must determine whether the defendant will suffer some plain legal

18   prejudice as a result of the dismissal.  *Id.*  The Court should grant a motion for voluntary

19   dismissal unless a defendant can demonstrate that it will suffer some plain legal prejudice as

20   a result.  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

21   Legal prejudice means "prejudice to some legal interest, some legal claim, some legal

22   argument."  *Id*. at 976 (internal citations omitted).  Neither the threat of future litigation,

23   which causes uncertainty, nor a plaintiff's delay in moving for dismissal, nor the substantial

24   expense that a defendant has incurred in defending up until the motion to dismiss, sufficiently

25   establishes plain legal prejudice.  *Westlands*, 100 F.3d at 96-97.  Also, plain legal prejudice

26

27   [1] Plaintiff Haas is a resident of Missouri, Defendant MTC is a Delaware corporation
with its principal place of business in Utah, and Defendant Washburn is a resident of

28   Arizona.  Plaintiff's claim is for $10,000,000.

1  does not result "merely because the defendant will be inconvenienced by having to defend

2  in another forum or where a plaintiff would gain a tactical advantage by that dismissal."

3  *Smith*, 263 F.3d at 976.

4             **III.    ANALYSIS AND CONCLUSION.**

5        In her Motion, Haas states that her claims against the State of Arizona are steeped in

6  the "same core of operative facts" as her claims against MTC. (Doc. 15, 3:1-7). Supporting

7  this point, Haas also states that she plans to show liability on the State of Arizona's part

8  through theories of vicarious liability. (*Id.*). MTC, in its response, does not dispute the

9  assertion that the same set of facts underlie Haas's claims against it and the State of Arizona.

10  (Doc. 16, 2:1-3). Haas argues that, because her claims against MTC, Washburn, and the

11  State of Arizona arise from the same operative facts, "judicial economy and efficiency will

12  be served by litigating these claims in one forum." (Doc. 15, 3:1-10). Haas bolsters her

13  argument by pointing out that the State of Arizona has not consented to suit in federal court

14  pursuant to the Eleventh Amendment (*id.*) and, therefore, because the nature of her claims

15  are inextricably tied, dual proceedings in both the state and federal court systems would

16  require wasteful, expensive, and duplicative court filings. (Doc. 17, 5:5-6:11). Additionally,

17  Haas contends that MTC is not prejudiced by proceeding in the pending state court action

18  because "having to defend state law claims in state court does not constitute actual

19  prejudice." (Doc. 15, 4:5-8) (citing *Smith*, 263 F.3d at 976).

20        MTC argues that Haas's Motion is premature (Doc. 16, 2:6-16), claiming that, while

21  the State of Arizona has not waived its right to prevent suit in a federal court pursuant to the

22  Eleventh Amendment, it has not asserted its right either. (*Id.*). MTC points out that this

23  Court retains jurisdiction over all of Haas's claims against MTC and other non-State

24  Defendants. (*Id.*, 2:14-16). MTC further contends that Haas waived her right to a jury trial

25  and argues that dismissal of this case will prejudice its legal interest in pursuing its defenses

26  under a bench trial in this action rather than before a jury in the state court action. (Doc. 16,

27  4:1-5).

28        MTC's argument that Haas's Motion is premature because the State of Arizona has

1   not asserted its immunity from federal court jurisdiction is not persuasive.  Until and unless
2   a state unequivocally evidences its intention to subject itself to the jurisdiction of the federal
3   court, it has asserted its Eleventh Amendment immunity.  *Hill v. Blind Indus. and Servs. of*
4   *Md.*, 179 F.3d 754, 758 (9th Cir.1999).

5           MTC's jurisdictional argument also fails, because jurisdiction over Haas's claims
6   against MTC is not at issue here.  The Court has jurisdiction over Haas's dispute with MTC.
7   28 U.S.C. § 1332(a)(1), (b), & (c)(1).  Here, the sole issue at bar is whether voluntary
8   dismissal is proper.

9           The Court agrees with Haas's contention that judicial efficiency requires Haas to
10  litigate her claims against all Defendants in one forum.  Unless MTC demonstrates that it will
11  suffer some plain legal prejudice as a result, the Court may properly grant Haas's Motion.

12          With respect to MTC's argument regarding the bench trial, on the facts, Haas did
13  waive her right to a jury trial in this action.  Haas's right to demand a jury trial expired 14
14  days after MTC filed its Answer on September 23, 2010.  FED. R. CIV. P. 38(b)(1).  MTC
15  also correctly points out that if Haas's Motion is granted, she will be able to avail herself of
16  a jury trial in state court, ARIZ. R. CIV. P. 38(b), after waiving this right in federal court, FED.
17  R. CIV. P. 38(b)(1).  However, MTC offers no support for its conclusion that a potential jury
18  trial in state court establishes legal prejudice against MTC, but merely presents its conclusion
19  as self-evident (*See* Doc. 16, 4:3-5), which it is not.  A defendant's right to a jury trial in
20  certain instances does not confer upon a defendant the opposite right to a bench trial.  *See*
21  *Singer v. United States,* 380 U.S. 24, 34-35 (1965) ("The ability to waive a constitutional
22  right does not ordinarily carry with it the right to insist upon the opposite of that right.").
23  Furthermore, Haas's waiver of a jury trial in this action does not end the issue; a jury trial
24  may be granted on motion *after* the right has been waived. FED. R. CIV. P. 39(b).  Therefore,
25  because MTC failed to demonstrate that it will suffer plain legal prejudice as a result of
26  granting Haas's Motion, the Court will grant Haas's Motion for Voluntary Dismissal.

27          Accordingly,

28          **IT IS ORDERED** that Plaintiff Haas's Motion for Voluntary Dismissal (Doc. 15) is

GRANTED without prejudice.

**IT IS FURTHER ORDERED** that Defendant MTC's request for an award of attorneys' fees and costs is DENIED without prejudice.  Consistent with this Order, Defendant MTC may file a motion for attorneys' fees and costs in accordance with Local Rule 54.2.

DATED this 24th day of February, 2011.

James A. Teilborg
United States District Judge